# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. MOORE,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO. 11 CV 0814 MMA (WMC)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 7] |

　　　　On April 18, 2011, the United States of America removed pro se Plaintiff Thomas Moore's small claims complaint (also referred to as "Plaintiff's Claim and ORDER to Go to Small Claims Court") originally filed in the San Diego Superior Court, to this Court. [Doc. No. 1.] In his complaint, Plaintiff seeks damages for pain and suffering he allegedly endured when Abigail Kennedy purportedly disclosed Plaintiff's medical records to others without his permission. [Doc. No. 1-1.] Plaintiff further alleges personal injury as a result of his pre-marriage counseling with Kennedy because she lacked the qualifications to treat Plaintiff and caused his relationship to end. [*Id.*]

　　　　On April 19, 2011, the Court ordered the United States of America be substituted as the named defendant, in place and stead of individual defendant Abigail Kennedy. [Doc. No. 5.] A copy of the order was sent to Plaintiff at the "220 West C Street" address provided in his complaint, but the mail was returned as undeliverable. [Doc. No. 6.]

1  On May 9, 2011, Defendant United States moved to dismiss Plaintiff's complaint on the grounds that Plaintiff failed to exhaust his administrative remedies, and the United States is immune from liability for defamation claims. [Doc. No. 7-1.] Defendant served Plaintiff with notice of the removal and its motion to dismiss on May 9, 2011, at 1037 4th Avenue, Room 606, San Diego, California 92101. [Doc. Nos. 6, 8.] Defendant's motion was set for hearing on June 21, 2011. Plaintiff did not file an opposition, which would have been due on June 7, 2011. *See* Civ. L.R. 7.1(e)(2). On June 17, 2011, the Court in its discretion determined the matter suitable for a decision on the papers and without oral argument, and took the matter under submission pursuant to Civil Local Rule 7.1(d)(1).

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting Defendant's motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his case against a motion to dismiss. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, management of this Court's docket is of vital significance to the proper and timely resolution of matters before it. Consequently, the Court finds dismissal pursuant to Civil Local Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in light of the fact that the complaint fails to allege Plaintiff exhausted his administrative remedies, and appears to state a claim for defamation that is potentially barred on immunity grounds.

///

1  Defendant seeks dismissal of the complaint without leave to amend on the ground that
2  amendment would be futile. However, the Court finds final dismissal at this time is premature.
3  For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss and
4  **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. **IT IS FURTHER ORDERED**
5  that the Clerk of Court shall mail a copy of this order to Plaintiff at 1037 4th Avenue, Room 606,
6  San Diego, California 92101, and update the docket to reflect this new address for Plaintiff.
7  **IT IS SO ORDERED.**

9  DATED: June 20, 2011

10  *[signature]*
   Hon. Michael M. Anello
   United States District Judge